IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-00078-CG-N |
| | ) |
| DOMINION MANAGEMENT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This action is before the Court on a motion (doc. 9) filed by the plaintiff, Calvin Wilson, to sever and remand Count One of plaintiff's Complaint, a claim based on alleged violations of Alabama's Workers Compensation Laws (Ala. Code § 25-5-1, *et seq.*) for wrongful discharge.[1]  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(A) and Standing Order 6 of this Court.  Upon consideration of plaintiff's motion (doc. 9), defendants' response in opposition thereto (doc. 10), plaintiff's reply (doc. 12) and all other pertinent portions of the record, the undersigned recommends that the motion be **GRANTED**.

1.  Background.

Plaintiff Calvin Wilson commenced this action on January 18, 2010, in the Circuit Court of Mobile County, Alabama.  In Count One of his Complaint, Wilson asserts a

---

[1] Plaintiff initially sought as well an award sanctions for defendants' wrongful removal of that claim but withdrew that request in his reply brief.  (Doc. 12).

claim against the defendants, his prior employers, for wrongful discharge in violation of Alabama's Workers Compensation Laws, Ala. Code § 25-5-1, *et seq*.  In Count Two of his Complaint, Wilson seeks damages for unpaid overtime under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.  On February 18, 2010, defendants removed the action to this Court (doc. 1) pursuant to 28 U.S.C. §§ 1331 and 1441(c).

On February 23, 2010, Wilson filed the present motion (doc. 9) to sever and remand Count One on the grounds that his Workers Compensation claim is not removable pursuant to 28 U.S.C. § 1445(c).  Defendants concede that Wilson's retaliatory discharge claim, a claim under Ala. Code § 25-1-11.1, "is considered to be a claim arising under the workers' compensation laws of the state that is not removable under 28 U.S.C. § 1445(c)." Defendants' Opposition Brief (Doc. 11) at 2, *citing* Reed v. Heil Co., 206 F.3d 1055, 1060-61 (11th Cir. 2000).  However, defendants nonetheless argue that "[b]ecause Plaintiff's Complaint contains two separate and independent causes of action – one of which is removable [the FLSA claim] and one of which is non-removable [the Workers Compensation claim], the entire case is subject to removal under Section 1441(c)." *Id*. at 3, *citing* Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 105-106 (5th Cir. 1996).  The motion has been fully briefed and is ripe for the court's consideration.

  2. <u>Discussion</u>.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).  The appropriate remedy when a properly removed case includes a claim

captured by Section 1445(c) is to remand the worker's compensation claim to state court. Reed, 206 F.3d at 1061, 1063; Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir.1998); Richardson v. Georgia-Pacific Corp., 2007 WL 3287361 at *3-4 (S. D. Ala.2007).

Wilson's FLSA claim was properly removed pursuant to 28 U.S.C. §§ 1331 and 1441(c) because it is a claim arising under federal law over which this Court has original jurisdiction. However, Wilson's retaliatory discharge claim brought pursuant to Ala. Code § 25-1-11.1 has been held to "arise under" the Alabama workers' compensation laws and, consequently, this Court "lacks subject matter jurisdiction to entertain [Wilson's] retaliatory discharge claim [and] it must be remanded to state court." Reed, 206 F.3d at 1060-61.

The Eleventh Circuit has stated unequivocally that "[a] federal statute, 28 U.S.C. § 1445(c), bars the removal to federal court of claims arising under state workers' compensation laws." *Id*. at 1057.[2]  In Reed, the Court reversed the district court's grant of summary judgment against the plaintiff on the retaliatory discharge claim and directed that the claim be remanded to state court but affirmed the district court's grant of summary judgment against the plaintiff on his American's With Disabilities Act claim. *Id*. at 1062.  *See also* Nelson v. Dolgencorp, Inc., 2005 WL 1588688, * 4 (S.D. Ala. June

---

[2] Section 1447(c) of Title 28 states: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

30, 2005)(" Nelson's claim for worker's compensation benefits (Count One) is not [by virtue of 28 U.S.C. § 1445(c)] subject to removal to this Court . . .[and] must be remanded to the Circuit Court of Escambia County, Alabama from whence it came.);  Wall v. Kimberly-Clark, 2000 WL 1367995, *1 (S.D. Ala. Sept. 19, 2000)("A claim for benefits under the Alabama worker's compensation laws is not subject to removal to federal district court.... As such, Defendants' removal of Plaintiff's claim for worker's compensation benefits pursuant to the State of Alabama Worker's Compensation Act (Count One) was not proper.")

Despite this precedent, defendants nonetheless argue that this Court has jurisdiction over Wilson's retaliatory discharge claim by virtue of 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction], is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

Defendants' Opposition Brief (Doc. 11) at 3, *citing* Eastus, *supra*, 97 F.3d at 105-106. However, neither Eastus nor § 1441(c) provides this Court with subject matter over Wilson's retaliatory discharge claim.  The Fifth Circuit in Eastus was not presented with a claim arising under a state's workers' compensation laws, a claim expressly made non-removable by federal statute, namely 28 U.S.C. § 1446(c).  Rather, the two state law claims at issue in Eastus  (tortious interference with prospective contractual relations and

intentional infliction of emotional distress) were **not** claims which had been declared non-removable by a federal statute but were simply "otherwise" non-removable in that, absent complete diversity between the parties, they could not be removed without being joined with a federal claim or cause of action.  *See* Buchner v. F.D.I.C., 981 F.2d 816, 818 (5th Cir. 1993)("The authority of a district court to remand a properly removed case is dependent on the nature of the claims which the case comprises and the nature of the district court's jurisdiction over those claims.")  In Eastus, the state law claims were removable under § 1441(c) solely by virtue of their joinder to a federal Family and Medical Leave Act (FMLA) claim.[3]

Moreover, the Fifth Circuit has held that "where the workers compensation retaliatory discharge claim was removed along with an Age Discrimination in Employment Act (ADEA) claim, § 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question [and] the district court erred by failing to sever and remand the state worker's compensation claim."  Barrow v. Harris Corp., 2004 WL 2713276, * 2 (W.D. Tex. Nov. 30, 2004), *citing* Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1118-1119 (5th Cir.

---

[3]The Fifth Circuit in Eastus ultimately upheld the district court's remand on the tortious interference with prospective contractual relationship claim as a "separate and independent claim or cause of action under  § 1441(c)" from the removed federal question (FMLA) claim and a claim which "is predominated by state law; in fact, it is solely state law."  97 F.3d at 105-106.  The Fifth Circuit reversed, however, the district court's remand of the intentional infliction of emotional distress claim as an abuse of discretion because the claim was not separate and independent of the FMLA termination claim but instead involved the same facts.  *Id.* 97 F.3d at 104-105.

1998).  Consequently, there is no support for defendants' interpretation of  § 1441(c) and Eastus or the application of either to the case at bar.  As such, the court does not have jurisdiction over the worker's compensation claim and it must be remanded to state court.

## CONCLUSION

For the reasons stated above, § 1445(c) prohibits removal of state worker's compensation claims, including those for retaliatory discharge and, consequently, this Court must sever and remand plaintiff's workers' compensation retaliatory discharge claim as set forth in Count One of his Complaint.  However, plaintiff's FLSA claim was properly removed to this court.  It is, therefore recommended that plaintiff's motion to sever and remand (doc. 9) Count One of his Complaint to the Circuit Court of Mobile County, Alabama, from whence it was removed be **GRANTED** and that this Court retain jurisdiction over the FLSA claim.

**DONE** this 29th day of March, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**